IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**MICHAEL EARL CREWS,**

        PLAINTIFF,

v.

        CRIMINAL ACTION NO.: **2:01cr74**

**UNITED STATES,**

        DEFENDANT.

**OPINION AND ORDER**

This matter is before the Court on the Motion of Michael Earl Crews ("Petitioner") to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Petition is **DENIED** and **DISMISSED**.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On May 11, 2000, Petitioner was indicted in the Eastern District of North Carolina on one count of aiding and abetting the production of child pornography and one count of sexual exploitation of a minor child. On April 17, 2001, Petitioner was sentenced to 100 months imprisonment for those charges. On May 14, 2001, Petitioner was indicted in the Eastern District of Virginia on one count of sexual exploitation of a minor child, in violation of 18 U.S.C. § 2251(a)(d), and two counts of possession of material involving the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2252(A)(a)(5)(B). (Doc. 1.) Petitioner was arraigned on June 20, 2001, entering a plea of not guilty. On August 22, 2001, Petitioner withdrew his not

guilty plea and entered a guilty plea pursuant to a written Plea Agreement to Count One of the Indictment. (Doc. 25.) On November 15, 2001, Petitioner was sentenced to one-hundred-eighty (180) months imprisonment to run consecutively with the North Carolina sentence of one-hundred (100) months imprisonment.

On November 20, 2002, Petitioner filed a pro se Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (Doc. 47.) On March 18, 2003, the Court issued an Order directing the United States to respond to Petitioner's Motion. (Doc. 51.) On May 29, 2003, the United States filed its first response. (Doc. 55.) On June 17, 2003, Petitioner retained counsel. On August 6, 2003, Petitioner filed his Memorandum in Response to Government's Response via retained counsel. (Doc. 59.) The United States filed their final Response on September 26, 2003. (Doc. 61.)

Petitioner collaterally attacks his sentence on four grounds: 1) that the Government committed prosecutorial misconduct by having him tried or sentenced in two jurisdictions; 2) that the Government abused the Grand Jury process by submitting tainted evidence at the grand jury proceeding; 3) that his Guilty Plea was induced; and 4) that his counsel was ineffective with respect to grounds one through three. See Petitioner's § 2255 Petition and attached grounds for attacking his sentence. [hereinafter "Petition"].

## II. STANDARD OF REVIEW

Section 2255 is designed to correct fundamental constitutional or jurisdictional errors, which would otherwise "inherently result[] in a complete miscarriage of justice." United States v. Addonizio, 422 U.S. 178, 185 (1979). In order to move the Court to vacate, set aside or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2)

that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255, ¶ 1.  In this case, Petitioner predicates his claim on the first ground, claiming that his sentence was imposed in violation of the Constitution or laws of the United States.

Petitioner bears the burden of proving grounds for collateral attack by a preponderance of the evidence.  Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998); Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).  The Court may decide a § 2255 Motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; see United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988); Zhan Gao v. United States, 375 F. Supp. 2d 456, 459 n.1 (E.D. Va. 2005).

### III. ANALYSIS

In his Plea Agreement, Petitioner waived his right to collaterally attack his sentence pursuant to a § 2255 motion.  See Petitioner's Plea Agreement at 3 ["Plea Agmt."];[1] see also Transcript from Petitioner's Guilty Plea Hearing at 11 ["Plea Tr."].  (Docs. 25, 50.)  Thus, before the Court may consider the grounds under which Petitioner attacks his sentence, the Court must determine whether his § 2255 waiver precludes review of any or all of Petitioner's claims.

**A. Waiver of Collateral Appeal**

The general enforceability of a § 2255 waiver of collateral appeal contained in a plea agreement is settled circuit law and will preclude consideration of an appeal where the waiver is valid, knowing and voluntary.  United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005)

---

[1] The last sentence of paragraph for of Petitioner's Plea Agreement states that
> [t]he defendant also waives the right to challenge the conviction, or the sentence or the manner in which it was determined in any collateral attack, including a motion brought under Title 28, United States Code, Section 2255.

Plea Agmt. at 3.

(joining other circuits in holding that a § 2255 waiver is generally enforceable seeing no reason to distinguish the enforceability of direct appeal waivers and waivers of collateral review); see also United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (upholding enforceability of waivers of direct appeal as long as knowing and voluntary).  Thus, if Petitioner's "waiver of collateral-attack rights was knowing and voluntary, [he] cannot challenge his conviction or sentence in a § 2255 motion," unless any of his grounds for attacking his sentence fall outside of the scope of the waiver.  See Lemaster, 403 F.3d at 220, n.2; see also Attar, 38 F.3d at 731-32.

**B. Validity of Waiver**

The Court must determine as a threshold matter whether Petitioner's § 2255 waiver is valid -- in other words, whether it was entered into knowingly and voluntarily.  Lemaster, 403 F.3d at 220.

> Although this determination is often made based on the adequacy of the plea colloquy -- specifically, whether the district court questioned the defendant about the appeal waiver -- the issue ultimately is "evaluated by reference to the totality of the circumstances." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002).  Thus, the determination "must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992) (internal quotation marks and citation omitted).

United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005).

Federal Rule of Criminal Procedure 11 outlines the procedures that the Court must follow in accepting a guilty plea in order to ensure that the defendant is pleading guilty to an offense intelligently and voluntarily, resulting in the Rule 11 colloquy conducted from the bench.  If the Court conducts a Rule 11 colloquy and finds the plea to be knowingly and voluntarily entered, the waiver is presumptively valid as long as the Court fully questioned the defendant about the

waiver. See United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). According to the Court in Lemaster, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221 (quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975).

> Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated – "permitting quick disposition of baseless collateral attacks. . . ." Blackledge v. Allison, 431 U.S. 73, 79 n.19 (1977).

Lemaster, 403 F.3d at 221-22.

Liberally construed, the instant Petition alleged that Petitioner's § 2255 waiver was unknowing and involuntary because tainted evidence was presented at the grand jury proceeding, Petitioner was wrongfully induced by the Government to plead guilty and because Petitioner's counsel was ineffective in negotiating the plea. See Petitioner's Memorandum in Response to United States Response at 8-9 ["Petitioner's Response"]. (Doc. 59.) Only Petitioner's claims regarding the Government's and counsel's plea negotiations relate to the voluntariness of his waiver. See Lemaster, 403 F.3d at 219, 222.

Here, the record clearly establishes that Petitioner's waiver was entered into knowingly and voluntarily. Therefore, these allegations cannot succeed in challenging the validity of his guilty plea or waiver of collateral appeal because they flatly contradict Petitioner's sworn statements before the Court. Id. As in Lemaster, the Court conducted an extensive Rule 11 colloquy, in which it informed Petitioner that the purpose of the colloquy, inter alia, was to make

certain the he was entering the plea freely and voluntarily. Plea Tr. at 2. During the colloquy, Petitioner answered under oath that he understood the nature of the charge and the elements against him, id. at 5-6, and that he had an opportunity to discuss all of the facts of the case and any possible defense with his counsel. Id. at 10. The Court specifically asked Petitioner whether he was satisfied with the representation and assistance of his counsel up to that point in the proceeding, and Petitioner answered in the affirmative. Id. at 10. The Court explained the mandatory minimum and possible maximum of his sentence as well as the applicability of the sentencing guidelines. Id. at 9, 15. Petitioner further stated that he was entering into the plea freely and voluntarily because he was in fact guilty of the offense to which he was pleading guilty.[2] Id. at 17-18. Finally, the government proffered the factual basis for the offense, Petitioner represented that the facts were true and the Court accepted his plea, finding that Petitioner was entering the plea intelligently, freely and voluntarily. Id. at 24-25.

With respect to the Plea Agreement, Petitioner stated that his attorney had discussed the agreement with him, id. at 10, and that he had read, understood and initialed each page of the Plea Agreement before he signed it. Id. at 12-14. The Court specifically drew Petitioner's attention to the § 2255 waiver:

| | |
|---|---|
| Judge: | In addition, you're giving up your right to file what is called a writ of habeas corpus, which is a way to challenge either your conviction or your sentence, and you are giving up your right to file that type to claim. Do you understand that? |
| Petitioner: | Yes, Sir. |

Plea Tr. at 11-12. The Court specifically asked him whether anyone forced him to sign the Plea Agreement against his will and whether anyone made any promises of leniency to induce him to

---

[2]In addition to the petitioner's oral response that the Government did not induce his plea, he also signed an agreement that "he is pleading guilty freely and voluntarily." Plea Agmt. at ¶ 13.

sign, to which Petitioner responded in the negative. Plea Tr. at 12. The Court also gave the Petitioner one last chance to raise any question as to the content of this plea agreement and explained that once the Court accepts the plea agreement and the plea of guilt, the plea agreement becomes a binding contract upon Petitioner. Plea Tr at 10-11, 13.

Even under the liberal construction, none of Petitioner's arguments is capable of overcoming the presumption that the waiver was valid since they flatly contradict Petitioner's sworn statements at his Rule 11 colloquy. As the record makes clear, Petitioner's allegation that he was wrongfully induced by the Government to plead guilty directly contradicts his "'solemn declarations in open court'" that the he was entering into the plea of guilty freely and voluntarily, that the Government did not induce his plea with any promises of leniency, and that he understood and agreed to the waiver of collateral appeal contained in his plea agreement. Lemaster, 403 F.3d at 222 (quoting Blackledge, 431 U.S. at 74). In addition, Petitioner did not allege, nor does the record reflect, any facts indicating the existence of "extraordinary circumstances," which could otherwise taint his sworn statements made during Rule 11 colloquy. See id. at 221-22. Furthermore, Petitioner's allegation that counsel's negotiation of the plea tainted the validity of the plea, is also contradicted by his sworn declaration of satisfaction with counsel. Id.; see also Zhan Gao v. United States, 375 F. Supp. 2d 456, 464 (E.D. Va. 2005) (holding that "petitioner's statements that she was satisfied with her attorneys' performance preclude consideration of any ineffective-assistance claim the grounds for which were apparent to petitioner at the time she entered her plea."). For these reasons, following Lemaster, the Court rejects Petitioner's claim that entry of his plea, and consequently the waiver of collateral appeal, was not knowing and voluntary.

**C. Scope of Waiver**

Despite the enforceability of a valid, voluntary waiver, the Court must now consider whether any of Petitioner's claims are outside the scope of that waiver. In the context of direct appeal waivers, the Fourth Circuit has distinguished a narrow class of claims that are considered outside the scope of an enforceable waiver. These are claims that the sentence imposed is in excess of the maximum penalty provided by statute, that the sentence is based on a constitutionally impermissible factor such as race, or that defendant was deprived of the assistance of counsel at a proceeding after the entry of the waiver, such as at sentencing. United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994); United States v. Marin, 961 F.2d 493 (4th Cir. 1992); see also United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). The Fourth Circuit in Lemaster did not squarely address whether these discrete claims would also be considered outside the scope of a § 2255 waiver; however, the court implicitly acknowledged that they would apply equally, noting that although the court had no occasion to consider whether district courts should address similar claims in the case before it, "we see no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights." 403 F.3d at 220 n.2. Accordingly, the Court will consider whether any of Petitioner's grounds for attacking his sentence are within the narrow class of claims that are considered outside the scope of an enforceable waiver.

In Grounds 1 through 3 of the Petition, submitted pro se, Petitioner dedicates over five-and-a-half pages in describing his reasons for attacking his sentence. See Petition at 1-6. In the final concluding paragraph on page 6, Petitioner makes a sweeping assertion that counsel was ineffective as to Grounds 1 through 3. Id. at 6. Petitioner claims, via counsel, that by generally citing ineffective assistance of counsel as such, Petitioner has brought his claim within the

purview of Attar, which applies to a claim that a petitioner was deprived of counsel at a proceeding following the entry of a valid waiver. 38 F.3d at 732; Petitioner's Response at 9.

In Attar, the Fourth Circuit addressed a claim that defendants were deprived of counsel at sentencing where the district court permitted the attorneys to withdraw before the sentencing hearing and did not discuss with the defendants whether they wanted to proceed pro se, or the dangers of doing so. Id. at 732-33. In holding that the claim was outside the scope of the waiver, the Attar court understood that the defendants' real dispute was not with their sentence but with the fact that they had been deprived of their Sixth Amendment right to counsel in a proceeding that post-dated their waiver. Id. at 732; see also United States v. Embree, 2006 U.S. App. LEXIS 5216 (4th Cir. March 1, 2006) (unpublished) (analyzing petitioners claim that counsel's deficiency deprived petitioner of the appellate proceeding altogether because it was analogous to the Fourth Circuit's holding in Attar that "the waiver of the right to appeal did not bar a claim concerning a complete lack of counsel during sentencing proceedings.").

The Fourth Circuit's analysis in Lemaster recently confirmed that the holding of Attar is to be narrowly applied. There, the petitioner raised a number of ineffective assistance of counsel claims, some relating to counsel's representation during sentencing, such as failing to object to the presentencing report and failing to request a downward departure at the sentencing hearing, and other claims relating to the validity of the guilty plea. Lemaster, 403 F.3d at 219, n.1. The court did not consider petitioner's claims relating to counsel's representation at sentencing one of the claims recognized by the Fourth Circuit as outside the scope of the waiver, citing Attar as holding that a claim that defendant "had been wholly deprived of counsel during his sentencing proceedings" is subject to collateral attack. Id. at 220 n.2 (citing Attar, 38 F.3d at 732). The court further held that petitioner's claims of ineffective assistance of counsel relating to his plea

contradicted his Rule 11 colloquy and his sworn statement of satisfaction with counsel. Id. at 222. Thus, the court found those claims to be "palpably incredible and patently frivolous or false." Id. Accordingly, the court did not review any of petitioner's claims of ineffective assistance of counsel, including the claims that counsel should have argued certain issues at sentencing, treating all claims as barred by his § 2255 waiver. Id. at 219, 220 n.2.

In this case, Petitioner does not explicitly claim that he was wholly deprived of counsel at sentencing. However, Petitioner claims, via counsel, that given a very liberal construction Petitioner's general reference to counsel's ineffectiveness should be construed to allege that counsel was ineffective for 1) failing to move to dismiss the indictment as a violation of Petitioner's due process rights and in contravention of the Department of Justice's policy as enunciated in Petite v. United States, 261 U.S. 529 (1960); 2) failing to investigate the possibility of tainted evidence at the grant jury proceeding; 3) failing to properly negotiate Petitioner's guilty plea and in allowing Petitioner to enter a guilty plea; and 4) failing to brief and argue that the Court should impose a sentence concurrent with his North Carolina sentence. Petitioner's Response at 7-14.

Even if the Court were to construe Petitioner's grounds as suggested, following Lemaster, none of Petitioner's ineffective assistance claims are within the narrow range of claims that are considered outside the scope of his waiver. First, Petitioner's claims of ineffective assistance of counsel pertaining to his grand jury and guilty plea proceedings, as well as his claim that counsel should have moved to dismiss the indictment as a violation of due process and the "Petite policy," clearly do not fall outside the scope of his valid waiver because they flatly contradict Petitioner's sworn statements at his guilty plea. As noted above, during Petitioner's Rule 11 colloquy, Petitioner acknowledged to the Court under oath that he understood the nature of the

charge and the elements against him, that he had an opportunity to discuss all of the facts of the case and any possible defense with his counsel, and that he was satisfied with counsel up to that point in the proceeding. Plea Tr. at 10-14. Thus, Petitioner's complaints with counsel's representation up to, and including, the entry of his § 2255 waiver are barred from review because they relate to circumstances that were apparent to the petitioner when he entered into the waiver and patently contradict his statement of satisfaction with counsel up to that point in the proceeding. Lemaster, 403 F.3d at 221-22.

The only claim that could arguably be construed to fall outside of the scope of his knowing and voluntary waiver is his claim regarding the failure of counsel to brief and argue that the Court should impose a sentence concurrent with his North Carolina sentence, which is an issue that would postdate his § 2255 waiver. Petitioner contends that his claim of prosecutorial misconduct detailed in "Ground 1," taken together with his generalized claim of ineffective assistance, should be read to allege a claim that counsel should have argued at sentencing that although Petitioner was indicted in two separate jurisdictions for sexually exploiting two separate minors, Petitioner should have received a concurrent sentence because the crimes were based on the same type of conduct.[3] Petitioner's Response at 8. Even construed as suggested, like the

---

[3] Even if the Court were to construe Petitioner's sweeping and generalized allegation that his counsel was ineffective as one claiming that his counsel failed to brief and argue that he should receive a concurrent sentence, and even if the Court were to consider this as analogous to a claim that he was wholly deprived of counsel at sentencing, Petitioner would then bear the burden of establishing that counsel's failure rose to the level of a Sixth Amendment violation. In other words, he would have two show that counsel's failure was so serious that his representation was not within the range of competence demanded of attorneys and that but for counsel's deficient representation, there is a reasonable probability that the result would have been different. Strickland v. Washington, 466 U.S. 668, 686 (1984); Hill v. Lockhart, 474 U.S. 52, 56 (1985). Upon review of the record, Petitioner would not be unable to demonstrate that his counsel was deficient or that he was prejudiced by counsel's failure to argue that he should receive a concurrent sentence for two separate crimes of child molestation involving two different minors in two separate jurisdiction. It is within the discretion of the district court to determine whether a consecutive or concurrent sentence is warranted, based upon the evidence presented at sentencing. See U.S.S.G. § 5G1.3(c); 18 U.S.C. §§ 3584(b) and 3553(a). Moreover, the evidence presented at sentencing reveals that the sentence imposed was in accordance with the United States Sentencing Guidelines and was supported by ample evidence. A primary goal underlying the sentencing guidelines is "'the avoidance of double punishment for what is in essence the same

petitioner in <u>Lemaster</u>, Petitioner's claim that his counsel should have made additional arguments at sentencing is not analogous to a claim that Petitioner was wholly deprived of counsel at sentencing under <u>Attar</u>, so as to bring his claim outside the scope of his valid waiver.

The Government argues that in asserting that counsel was ineffective by failing to make certain arguments at sentencing, Petitioner is essentially disputing his conviction and his sentence, not the effectiveness of counsel, which is precisely the type of claim that the Petitioner waived. <u>See</u> Govt.'s Resp. at 11. The Court agrees. No where in the Petition does Petitioner make any claim that he should have received a concurrent sentence or that his attorney was ineffective for failing to so argue, nor does Petitioner specify in any way how counsel's performance was deficient other than to insinuate that counsel was ineffective for failing to attack his conviction and sentence on the grounds that Petitioner now raises. Thus, Petitioner's vague and sweeping claim of ineffective assistance compared to his detailed attacks on his sentence indicates that Petitioner's true complaint is with his sentence, which is precisely the type of complaint that the Petitioner waived.

---

criminal conduct.'" <u>United States v. Chase</u>, 296 F.3d 247, 250 (4th Cir. 2002) (quoting <u>United States v. Watford</u>, 894 F.2d 665, 669 (4th Cir. 1990)), and to avoid double punishment for activities or relevant conduct that were fully taken into account in a prior proceeding, <u>see</u> § 5G1.3; <u>United States v. Velasquez</u>, 136 F.3d 921 (2d Cir. 1998). The record clearly reflects that the Court properly applied § 5G1.3(c) authorizing a consecutive sentence since the relevant conduct at issue involved wholly separate acts of exploitation of a minor. Petitioner sexually exploited a minor boy in Virginia Beach, then moved to North Carolina and sexually exploited a different minor boy there. Thus, the instant sentence involved behaviors and actions committed prior to, and totally separate from, the facts warranting Petitioner's North Carolina sentence.

     Furthermore, the district court was presented with overwhelming evidence that a consecutive sentence was warranted. Before the Court was the following evidence: 1) corroborated testimony that Petitioner was diagnosed as a pedophile by two doctors; 2) Petitioner's testimony that he didn't think that his exploitation of minor boys was wrong and that he was a victim of the same acts of exploitation as a minor; 3) Petitioner's testimony that his acts of exploitation were for educational purposes in becoming a massage therapist; 4) Petitioner's interest in Youth are Not Alone (YANNA), an organization dedicated to preying on minor sexually confused boys; and 5) evidence that Petitioner was known to possess 28,000 child pornography images. <u>See</u> Sentencing Tr. at 8-101; Plea Tr. at 18-24. Thus, even if counsel briefed and argued that Petitioner should have received a concurrent sentence, there is no reasonable probability that the Court would have imposed such a sentence in light of the evidence before the Court. Thus, Petitioner's claim that counsel was ineffective for failing to argue that he should have received a concurrent sentence would necessarily fail.

Such thinly-veiled attempts to circumvent a valid waiver should not be tolerated. See Moon v. United States, 181 F. Supp. 2d 596, 602 n.3. (E.D. Va. 2002) (recognizing the need to "balance the competing interests of ensuring a defendant's Sixth Amendment right to counsel while enforcing the validity of § 2255 waivers in plea agreements" and to "deter a future defendant from using this exception to make a thinly veiled attack on the sentence imposed on him or the application of the sentencing guidelines to him"); Mason, 211 F.3d at 1068 ("although [the defendant] couched his argument in terms of ineffective assistance . . . , his petition was, in reality, merely an attack on his sentence and the manner in which it was determined"); United States v. Joiner, 183 F.3d 635, 645 (7th Cir. 1999) ("garden-variety attacks on his sentence . . . raised in the guise of a claim of ineffective assistance of counsel[] [were] exactly the sort of claims he knowingly and voluntarily waived"). Therefore, the Court FINDS that none of Petitioner's claims are outside the scope of his valid § 2255 waiver. Accordingly, Petitioner's claims are precluded from review.

### IV. CONCLUSION

For the reasons set forth herein, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 is **DENIED** and **DISMISSED**.

The Petitioner is **ADVISED** that he may appeal this final order by forwarding a written Notice of Appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this order.

The Clerk is **REQUESTED** to send a copy of this Order to Petitioner and all counsel of record.

It is so **ORDERED**.

                                                  /s/
                                     *HENRY COKE MORGAN, JR.*
                              SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 5, 2006

14